# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2250 | **DATE** | 5/24/2002 |
| **CASE TITLE** | Williams vs. Northeast IL Regional Commuter RR | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] It is ordered that Metra's Motion to Disqualify HFD be, and the same hereby is, DENIED (#34). Enter Memorandum Opinion and Order.
(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAY 29 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | 48 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| AC6 | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

MARVIN C. WILLIAMS, )
)
        Plaintiff, )
) Case No. 00 C 2250
        v. )
) Magistrate Judge
) Arlander Keys
NORTHEAST ILLINOIS REGIONAL )
COMMUTER RAILROAD CORPORATION, )
d/b/a/ METRA/METROPOLITAN RAIL, )
)
        Defendant. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Metra's Motion to Disqualify Hoey, Farina & Downes. For the reasons set forth below, this Court denies Metra's motion.

### BACKGROUND

The plaintiff, Marvin C. Williams ("Plaintiff") is suing the defendant Northeast Illinois Regional Commuter Railroad Corporation d/b/a Metra/Metropolitan Rail ("Metra") under the Federal Employer's Liability Act, 45 U.S.C. § 51 et. seq. ("FELA") for injuries Plaintiff sustained during the course of his duties as a Metra employee. Metra filed a Motion to Disqualify Plaintiff's attorneys Hoey, Farina & Downes ("HFD"), because HFD is also representing Ellen K. Emery, Metra's former in-house counsel, in a FELA suit against Metra.

Ms. Emery was formerly Metra's in-house counsel and defended

48

FELA cases brought against Metra, including Plaintiff's case. (Metra's Mot. To Disqualify ¶ 2). On July 1, 1999, Ms. Emery injured herself during the course of her duties at Metra. (Emery Compl. ¶ 5, 9). After several unsuccessful attempts to settle her claim with Metra for her injuries, in mid-December 2001, Ms. Emery retained HFD as counsel and filed suit against Metra under FELA. (Emery Aff. ¶ 1, 2, 6, 7; Emery Compl. ¶ 2).

Ms. Emery and James L. Farina, an attorney at HFD, discussed the ethical issues concerning HFD's representation of Ms. Emery and Ms. Emery's knowledge of Metra's client confidences and secrets. (Farina Aff. ¶ 2). Ms. Emery agreed that she would abide by her ethical duty not to "reveal, divulge or disclose to [HFD] any confidences or secrets of Metra." (Emery Aff. ¶ 14; Farina Aff. ¶ 3). Ms. Emery, Mr. Farina and other attorneys at HFD have sworn in their respective affidavits that Ms. Emery has not discussed or divulged any confidences or secrets of Metra to HFD. (Emery Aff. ¶ 12, 15, 20, 24; Farina Aff. ¶ 4, 19; Brugess Aff. ¶ 5, 8; Church Aff. ¶ 5, 7; Drummond Aff. ¶ 5, 7; Fisher Aff. ¶ 4; Foley Aff. ¶ 5, 7; Garmisa Aff. ¶ 4; Haydu Aff. ¶ 5, 8; Hoey Aff. ¶ 4; Libman Aff. ¶ 4; Van Bree Aff. ¶ 4). Further, Ms. Emery was not offered a job with, is not an employee of and is in no way associated in the practice of law with HFD. (Emery Aff. ¶ 17; Farina Aff. ¶ 5; Brugess Aff. ¶ 7; Church Aff. ¶ 6; Drummond Aff. ¶ 6; Fisher Aff. ¶ 5; Foley Aff. ¶ 6; Garmisa Aff. ¶ 5; Haydu Aff. ¶ 7; Hoey Aff. ¶

2

5; Libman Aff. ¶ 5; Van Bree Aff. ¶ 5). Finally, after reviewing the Illinois Rules of Professional Conduct, Mr. Farina concluded that representing Ms. Emery would not be adverse to any of HFD's other clients in their suits against Metra. (Farina Aff. ¶ 15, 17, 18).

Metra learned of Ms. Emery's lawsuit and subsequently removed her from all FELA cases in which HFD was opposing counsel. (Noland Aff. ¶ 4). Metra terminated Ms. Emery a few months later. (Emery Aff. ¶ 16). On March 15, 2002, Metra filed a Motion to Disqualify HFD from representing Plaintiff.

### DISCUSSION

Metra cites both the Rules of Professional Conduct for the Northern District of Illinois and case law to support its argument that HFD should be disqualified. This Court will first address whether HFD violated the Local Rules in its representation of Ms. Emery. Then, the Court will apply the standard set forth by the Seventh Circuit in *Cromley* for motions involving disqualification of attorneys.

### A. Rules of Professional Conduct for the Northern District of Illinois

The current Rules of Professional Conduct for the Northern District of Illinois were adopted by the United States District Court for the Northern District of Illinois effective September 1, 1999 ("Local Rules"). Therefore, all attorneys practicing law in the Northern District of Illinois are bound by these Local Rules.

3

Metra claims that HFD has violated Rules 1.6, 1.7 and 1.9 (the Local Rules have been renumbered and should be cited by the parties as Local Rules 83.51.6, 83.51.7 and 83.51.9) by representing Ms. Emery in her FELA claim against Metra.

Local Rule 83.51.6 states that "a lawyer shall not, during or after termination of the professional relationship with the client, use or reveal a confidence or secret of the client known to the lawyer . . . ." Ms. Emery, not HFD, represented Metra, and therefore, Local Rule 83.51.6 would only be applicable to Ms. Emery. However, Ms. Emery stated in her affidavit, and Mr. Farina as well as other attorneys at HFD confirmed, that she never divulged any Metra confidences or secrets to HFD. Metra presented no evidence to rebut these claims, and therefore, this Court finds that HFD has not violated Local Rule 83.51.6.

Local Rule 83.51.7 states that "a lawyer shall not represent a client if the representation of that client will be directly adverse to another client . . . ." Metra has not set forth any evidence which shows HFD's representation of Ms. Emery is adverse to HFD's other clients. Mr. Farina stated in his affidavit that clients have not and would not be adversely effected by HFD's representation of Ms. Emery. Ms. Emery is a plaintiff in a FELA claim against Metra similar to HFD's other clients with FELA claims against Metra. This Court is not convinced that HFD's representations of Ms. Emery is harmful or adverse to HFD's other

clients, nor that HFD has violated Local Rule 83.51.7.

Finally, Local Rule 83.51.9 states:

> a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client . . . or use information relating to the representation to the disadvantage of the former client.

Local Rule 83.51.9 applies only to Ms. Emery, because HFD has never represented Metra, and therefore, the analysis for Local Rule 83.51.9 is similar to the analysis for Local Rule 83.51.6 above. Ms. Emery has stated in her affidavit that she has not revealed any Metra confidences nor has she used this information against Metra. Mr. Farina and other attorneys at HFD have stated in their respective affidavits that Ms. Emery has not divulged such information to them, and there is no evidence to the contrary.

This Court finds that HFD has not violated the Local Rules.[1]

---

[1] The Court shares Judge Kennelly's concerns about Ms. Emery's behavior, as stated in *Keane v. Northeast Ill. Reg'l Commuter R.R. Corp., d/b/a Metra*, No. 01-C43, Memorandum Opinion and Order Denying Motion to Disqualify (N.D. Ill. May 9, 2002) (motion to disqualify HFD from its representation of the plaintiff because of HFD's simultaneous representation of Ms. Emery). Similarly, Ms. Emery should have informed Metra of her suit against it immediately upon her retention of HFD. Instead, Ms. Emery apparently continued to defend Metra in Plaintiff's suit. Her behavior raises some concerns. However, Metra does not raise any concerns about Ms. Emery simultaneously defending Metra in Plaintiff's case and suing Metra in her own FELA case. Therefore, this Court will not address the matter any further.

Next, the Court's analysis shifts to the standard set forth by the Seventh Circuit in cases involving attorney disqualification.

## A. Seventh Circuit Standard Under *Cromley*

Under the standard established by the Seventh Circuit for deciding motions to disqualify, the court must first determine whether a substantial relationship exists between the subject matter of the prior and present representations. *Cromley v. Bd. of Educ. of Lockport High Sch. Dist. 205*, 17 F.3d 1059, 1064 (7th Cir. 1994). If a relationship exists, then a rebuttable presumption arises that client confidences have been shared. *Id.* In *Cromley*, an attorney representing a plaintiff decided to join the law firm that was representing the defendant in the same case. *Id.* at 1059. The presumption of shared confidences is irrebuttable (emphasis added) when an entire law firm – not just a single attorney – switches sides in a matter. *Id.* at 1066.

In this case, a substantial relationship exists between Plaintiff's case and Ms. Emery's case. Both cases involve FELA claims against Metra. Further, Ms. Emery was defending Metra against Plaintiff at one point and undoubtedly has knowledge of Metra's strategies that are relevant to Plaintiff's case. However, HFD has successfully rebutted the presumption that Ms. Emery has shared Metra confidences with HFD. The affidavits filed by Ms. Emery, Mr. Farina and the other HFD attorneys state that Ms. Emery never divulged any Metra confidences or secrets to HFD. *Accord,*

6

*Burrow v. Northeast Ill. Reg'l Commuter R.R. Corp., d/b/a Metra/Metro. Rail*, No. 00-C3648, Memorandum Opinion and Order Denying Motion to Disqualify (N.D. Ill. May 6, 2002). Further, Mr. Farina stated in his affidavit that he reviewed his and Ms. Emery's ethical obligations and took steps to avoid any impropriety or unethical behavior. Although Ms. Emery was not hired by HFD and screening her from Metra cases is unnecessary, the Court concludes that Judge Shadur's glowing praise of HFD's screening procedures gives further credence to the seriousness in which HFD takes its ethical obligations. *See Miller v. Chicago and NorthWestern Transp. Co.*, 938 F. Supp. 503 (N.D. Ill. 1996). The Court is satisfied that, since no evidence to the contrary was presented, HFD took similar careful consideration of its ethical duties in its representation of Ms. Emery.

## CONCLUSION

HFD has not violated the Local Rules in its representation of Ms. Emery. Applying the Seventh Circuit's standard for motions to disqualify, the Court finds that a substantial relationship exists between Plaintiff's lawsuit and Ms. Emery's case against Metra. However, HFD has successfully rebutted the presumption of shared confidences as set forth by *Cromley*.

**IT IS THEREFORE ORDERED** that Metra's Motion to Disqualify HFD be, and the same hereby is, **DENIED**.

DATED: May 24, 2002

ENTER:

ARLANDER KEYS
United States Magistrate Judge